# Exhibit A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

January 24 2020 8:30 AM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-04472-1

1

2

3

4

5

6

7

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

8

9

10

11

12

13

14

15

| | |
|---|---|
| JEREMIAH O'NEAL and CINDY L. BUCKLES, husband and wife and the marital community composed thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES HARDIE BUILDING PRODUCTS, INC., a foreign corporation,<br><br>Defendant. | NO.<br><br>SUMMONS |

16

TO THE DEFENDANTS:

17

A lawsuit has been started against you in the above-entitled court by plaintiffs.

18

Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you

19

with this summons.

20

In order to defend against this lawsuit, you must respond to the complaint by

21

stating your defense in writing, and serve a copy upon the undersigned attorney for the

22

plaintiffs within twenty (20) days after the service of this summons, excluding the day of

23

service, or a default judgment may be entered against you without notice. A default

24

judgment is one where plaintiffs are entitled to what they ask for because you have not

25

SUMMONS - 1

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA 98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

1   responded.  If you serve a notice of appearance on the undersigned attorney, you are

2   entitled to notice before a default judgment may be entered.

3          You may demand that the plaintiffs file this lawsuit with the court.  If you do so,

4   the demand must be in writing and must be served upon the plaintiffs.  Within fourteen

5   (14) days after you serve the demand, the plaintiffs must file this lawsuit with the court,

6   or the service on you of this summons and complaint will be void.

7          If you wish to seek the advice of an attorney in this matter, you should do so

8   promptly so that your written response, if any, may be served on time.

9

10         This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of

11  the State of Washington.

12         DATED this 24th day of January, 2020.

13

14                                          RUSH, HANNULA, HARKINS & KYLER
                                            Attorneys for Plaintiffs

15

16  By: _____
                                            Michael J. Fisher, WSBA #32778

17
                                            GIG HARBOR LAW
18                                          Attorneys for Plaintiffs

19
    By: _____
20                                          Nathan D. Sukhia, WSBA #31700

21

22

23

24

25

SUMMONS - 2

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

January 24 2020 8:30 AM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-04472-1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

JEREMIAH O'NEAL and CINDY L.
BUCKLES, husband and wife and the
marital community composed thereof,

Plaintiffs,

vs.

JAMES HARDIE BUILDING PRODUCTS,
INC., a foreign corporation,

Defendant.

NO.

COMPLAINT FOR DAMAGES

16 COMES NOW the Plaintiffs, Jeremiah O'Neal and Cindy Buckles, by and through

17 their attorneys of record, Michael J. Fisher of Rush, Hannula, Harkins & Kyler, L.L.P.,

18 and Nathan Sukhia of Gig Harbor Law, and for cause of action against the defendant,

19 state and allege as follows:

20 I.

21 The court has jurisdiction over the subject matter herein and the parties hereto.

22 ////

23 ////

24 ////

25

COMPLAINT FOR DAMAGES - 1

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA 98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

II.

At all times material hereto, Jeremiah O'Neal and Cindy Buckles were husband and wife under the laws of the State of Washington and formed a marital community comprised thereof.

III.

At all times material hereto, defendant James Hardie Building Products, Inc., was a Nevada Corporation, licensed and authorized to do business in the State of Washington and doing business in Pierce County, Washington.

IV.

All acts, omissions and conduct of the employees, agents, representatives or individuals of defendant James Hardie Building Products, Inc., were by and on behalf of defendant James Hardie Building Products, Inc., and in the course and scope of their employment/agency for which defendant James Hardie Building Products, Inc., is legally liable on the basis of employer/employee, respondeat superior and/or agency or apparent agency.

V.

At all times material hereto, defendant James Hardie Building Products, Inc., was the owner of the real property located at 4615 192nd Street East in Tacoma, Pierce County, Washington.

////

////

////

////

COMPLAINT FOR DAMAGES - 2

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

VI.

Defendant James Hardie Building Products, Inc., hired general contractor Casey Industrial, Inc., as a general contractor to perform construction/renovation of the commercial property/building owned by the defendant and located at 4615 192nd Street East in Tacoma, Pierce County, Washington (hereinafter the "Subject Project").

VII.

At all times material hereto, the roof of Building 5 at the Subject Project was approximately 34-feet above the concrete floor and contained skylights.

VIII.

Prior to beginning work on the Subject Project, the general contractor Casey Industrial, Inc., had a safety team that evaluated safety issues and concerns for the Subject Project.

IX.

Prior to beginning work on the Subject Project, James Hardie Building Products, Inc., had a safety team that evaluated safety issues and concerns for the Subject Project.

X.

Prior to beginning work on the Subject Project, the general contractor Casey Industrial, Inc., developed a site-specific safety plan for the Subject Project. The site-specific safety plan developed by the general contractor Casey Industrial, Inc., failed to identify the skylights in the roof of Building 5 at the Subject Project as a fall hazard.

////

////

COMPLAINT FOR DAMAGES - 3

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA 98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

XI.

The site-specific safety plan developed by the general contractor Casey Industrial, Inc., for the Subject Project failed to specify or require that proper fall protection be utilized by workers who were working in close proximity to the skylights on the Subject Project in violation of WAC 296-155-24609(7)(b).

XII.

The site-specific safety plan developed by the general contractor Casey Industrial, Inc., for the Subject Project failed to specify or require that the skylights on the Subject Project be protected by guardrails or be covered to protect workers from falling through the skylights in violation of WAC 296-155-24609(4)(d).

XIII.

Prior to beginning work on the Subject Project, defendant James Hardie Building Products, Inc., developed a site-specific safety plan for the Subject Project. The site-specific safety plan developed by defendant James Hardie Building Products, Inc., failed to identify the skylights in the roof of Building 5 at the Subject Project as a fall hazard.

XIV.

The site-specific safety plan developed by defendant James Hardie Building Products, Inc., for the Subject Project failed to specify or require that proper fall protection be utilized by workers who were working in close proximity to the skylights on the Subject Project in violation of WAC 296-155-24609(7)(b).

////

////

COMPLAINT FOR DAMAGES - 4

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

XV.

The site-specific safety plan for the Subject Project developed by defendant James Hardie Building Products, Inc., failed to specify or require that the skylights on the Subject Project be protected by guardrails or be covered to protect workers from falling through the skylights in violation of WAC 296-155-24609(4)(d).

XVI.

Prior to beginning work on the Subject Project, the safety team for the general contractor Casey Industrial, Inc., and the safety team for defendant James Hardie Building Products, Inc., had multiple meetings to discuss the safety plans and safety issues for the Subject Project.

XVII.

To the best information and belief of Plaintiffs, at all times material hereto, defendant James Hardie Building Products, Inc., was provided with a copy of the site-specific safety plan developed for the Subject Project by the general contractor Casey Industrial, Inc., to review and approve.

XVIII.

When work began on the Subject Project, and thereafter, the safety team for the general contractor Casey Industrial, Inc., and the safety team for defendant James Hardie Building Products, Inc., had multiple meetings to discuss the safety plans and safety issues for the Subject Project.

////

////

////

COMPLAINT FOR DAMAGES - 5

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

XIX.

When work began on the Subject Project, and thereafter, there were workers working on the roof of Building 5, as well as other buildings at the Subject Project, on an almost daily basis.

XX.

When work began on the Subject Project, and thereafter, members of the safety team for defendant James Hardie Building Products, Inc., were on site daily to monitor safety issues for the Subject Project.

XXI.

When work began on the Subject Project, and thereafter, members of the safety team for defendant James Hardie Building Products, Inc., routinely roamed the work site daily to monitor safety issues for the Subject Project.

XXII.

When work began on the Subject Project, and thereafter, defendant James Hardie Building Products, Inc., knew or should have known that there were workers working on the roof of Building 5, as well as other buildings at the Subject Project, on an almost daily basis.

XXIII.

When work began on the Subject Project, and thereafter, defendant James Hardie Building Products, Inc., knew or should have known that there were workers working near the skylights on the roof of Building 5, without proper fall protection, guardrails or covers.

////

COMPLAINT FOR DAMAGES - 6

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA   98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

XXIV.

At all times material hereto, defendant James Hardie Building Products, Inc., as the owner of the worksite retained authority over all work performed on the Subject Project, including, but not limited to, the power and duty to correct any deficiencies in the site-specific safety plan.

XXV.

At all times material hereto, defendant James Hardie Building Products, Inc., as the owner of the worksite retained authority over all work performed on the Subject Project, including, but not limited to, the power and duty to correct any unsafe practices or conditions on the Subject Project of any nature.

XXVI.

On or about September 12, 2018, Plaintiff Jeremiah O'Neal was an employee of Casey Industrial, Inc., and was performing work on the Subject Project in the course and scope of his employment with Casey Industrial, Inc.  Mr. O'Neal and a co-worker were working installing a boot seal around ductwork penetrations on the roof of Building 5 at the Subject Project.  The ductwork penetrations were located in close proximity to a skylight on the roof of Building 5 at the Subject Project.

XXVII.

While working on the ductwork penetrations near the skylight on the roof of Building 5 at the Subject Project on September 12, 2018, neither Mr. O'Neal nor his co-worker were wearing proper fall protection gear and the skylight had not been covered or protected with guardrails to protect workers from falling through the skylight.

////

COMPLAINT FOR DAMAGES - 7

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

XXVIII.

On September 12, 2018, defendant James Hardie Building Products, Inc., knew or should have known that neither Mr. O'Neal nor his co-worker were wearing proper fall protection gear and the skylight on the roof of Building 5 at the Subject Project had not been covered or protected with guardrails to protect workers from falling through the skylight.

XXIX.

While working on the roof of Building 5 at the Subject Project on September 12, 2018, Plaintiff Jeremiah O'Neal fell through the skylight into the building and fell 34-feet to the concrete floor below suffering serious personal injuries.

XXX.

The method and manner in which workers on the roof of Building 5 at the Subject Project were permitted to work near the skylight was inadequate, unsafe and violated WISHA and OSHA standards.

XXXI.

Defendant James Hardie Building Products, Inc., was negligent in failing to recognize that the site-specific safety plan for the Subject Project did not identify the skylights in the roof of Building 5 at the Subject Project as a fall hazard.

XXXII.

Defendant James Hardie Building Products, Inc., was negligent in approving the site-specific safety plan for the Subject Project without first requiring that the general contractor Casey Industrial, Inc., properly identify the skylights in the roof of Building 5 at the Subject Project as a fall hazard.

COMPLAINT FOR DAMAGES - 8

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA 98405
TELEPHONE: (253) 383-5388
FAX: (253) 272-5105

XXXIII.

Defendant James Hardie Building Products, Inc., as the owner of the worksite, was negligent in failing to ensure the safety of workers at the Subject Project by allowing workers to work near the skylights in the roof of Building 5 at the Subject Project without proper fall protection.

XXXIV.

Defendant James Hardie Building Products, Inc., as the owner of the worksite, was negligent in its inspection, and control of the worksite where Plaintiff Jeremiah O'Neal was injured in failing to require or direct proper and sufficient fall protection for workers who were working near the skylights in the roof of Building 5 at the Subject Project. As the owner of the Subject Project, in control of the Subject Project and with the ability to shut down the Subject Project if unsafe or inadequate safety precautions were being utilized, defendant James Hardie Building Products, Inc., failed to provide a safe place to work for Jeremiah O'Neal.

XXXV.

As a direct and proximate result of the defendant's negligence and lack of due care, as alleged herein, Plaintiffs have suffered and will continue to suffer personal injuries, which are permanent and disabling.

XXXVI.

As a further direct and proximate result of the defendant's negligence and lack of due care, as alleged herein, Plaintiffs have incurred medical costs and expenses, have suffered a loss of income, and have sustained other out-of-pocket costs, all in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 9

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19th Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

## XXXVII.

As a further direct and proximate result of the defendant's negligence and lack of due care, as alleged herein, Plaintiffs have sustained pain and suffering, mental, physical, and emotional, will sustain pain and suffering in the future, will incur medical costs and expenses for future treatment, have suffered an impairment to earning capacity, and have suffered a loss of enjoyment of life, disability, and disfigurement, all in an amount to be proven at trial.

## XXXVIII.

As a further direct and proximate result of the defendant's negligence and lack of due care, as alleged herein, Plaintiff Cindy Buckles has suffered an impairment of her relationship with her husband, Jeremiah O'Neal, and the marital community of the O'Neal's has been damaged, including loss of love, affection, companionship and society, all in an amount to be proven at the time of trial.

## XXXIX.

WHEREFORE, Plaintiffs pray for judgment against defendant as follows:

1.    For all general and non-economic damages suffered by Plaintiffs, and to be suffered in the future;

2.    For all special and economic damages suffered by Plaintiffs, and to be suffered in the future;

3.    For pre-judgment interest on the liquidated sums,

4.    For all costs and disbursements incurred herein, including a reasonable attorney's fee, and

////

COMPLAINT FOR DAMAGES - 10

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19ᵗʰ Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105

5.    For such other and further relief as the court may deem just and equitable.

DATED this _24th_ day of January, 2020.

RUSH, HANNULA, HARKINS & KYLER
Attorneys for Plaintiffs

By: _Michael J. Fisher_
Michael J. Fisher, WSBA #32778

GIG HARBOR LAW
Attorneys for Plaintiffs

By: _Nathan D. Sukhia_
Nathan D. Sukhia, WSBA #31700

COMPLAINT FOR DAMAGES - 11

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 South 19ᵗʰ Street, Suite 300
TACOMA, WA  98405
TELEPHONE: (253) 383-5388
FAX:  (253) 272-5105