UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMIAH O'NEAL, *et al.*,<br><br>              Plaintiffs,<br><br>    v.<br><br>JAMES HARDIE BUILDING<br>PRODUCTS, INC.,<br><br>              Defendant. | Case No. C20-5168-BHS-MLP<br><br>REPORT AND RECOMMENDATION |

On June 30, 2022, Plaintiffs Jeremiah O'Neal and Cindy L. Buckles (collectively, "Plaintiffs") filed a Motion for Partial Summary Judgment Re: Affirmative Defenses of Employer Fault ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 36).) Defendant James Hardie Building Products, Inc. ("James Hardie") filed a response ("Defendant's Response" (dkt. # 39)), and Plaintiffs filed a reply ("Plaintiffs' Reply" (dkt. # 41)). While the parties requested oral argument, the Court finds this matter suitable for resolution on the briefing.[1] Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends Plaintiffs' Motion (dkt. # 36) be DENIED.

---

[1] Oral argument has been scheduled for August 19, 2022, on the instant motion as well as another summary judgment motion (dkt. # 42). (*See* dkt. # 44.) The Court hereby DIRECTS oral argument remain scheduled but will address the other motion (dkt. # 42) only.

REPORT AND RECOMMENDATION - 1

|   |   |
|---|---|
| 1 | Plaintiffs seek to dismiss with prejudice "any of defendants' affirmative defenses to the extent that said affirmative defenses attempt to assert fault or apportion damages to Plaintiff Jeremiah O'Neal's employer, Casey Industrial, Inc." (Pls.' Mot. at 1.) The parties agree that "RCW 4.22.070 precludes the trier of fact from attributing fault to Mr. O'Neal's employer, Casey Industrial[.]" (Def.'s Resp. at 9; *see also* Pls.' Reply at 1 ("[D]efendant agrees that . . . fault cannot be allocated to Casey Industrial").) The parties also agree that evidence of Mr. O'Neal's employer's negligence "is potentially relevant for the . . . purpose of proving that the defendant was not the proximate cause of a plaintiff's injuries" (Pls.' Reply at 5). *See Burrows v. 3M Co.*, 529 F. Supp. 3d 1194, 1199 (W.D. Wash. 2021) ("To the extent . . . defendant seeks to demonstrate that it was not the proximate cause of Burrows' death, defendant may argue that [Burrows' employer's] alleged negligence negated the proximate cause element."). |

Plaintiffs seek to dismiss with prejudice "any of defendants' affirmative defenses to the extent that said affirmative defenses attempt to assert fault or apportion damages to Plaintiff Jeremiah O'Neal's employer, Casey Industrial, Inc." (Pls.' Mot. at 1.) The parties agree that "RCW 4.22.070 precludes the trier of fact from attributing fault to Mr. O'Neal's employer, Casey Industrial[.]" (Def.'s Resp. at 9; *see also* Pls.' Reply at 1 ("[D]efendant agrees that . . . fault cannot be allocated to Casey Industrial").) The parties also agree that evidence of Mr. O'Neal's employer's negligence "is potentially relevant for the . . . purpose of proving that the defendant was not the proximate cause of a plaintiff's injuries" (Pls.' Reply at 5). *See Burrows v. 3M Co.*, 529 F. Supp. 3d 1194, 1199 (W.D. Wash. 2021) ("To the extent . . . defendant seeks to demonstrate that it was not the proximate cause of Burrows' death, defendant may argue that [Burrows' employer's] alleged negligence negated the proximate cause element.").

Three of James Hardie's affirmative defenses are implicated in Plaintiffs' Motion. (*See* Pls.' Mot. at 7.) Affirmative defense No. 4 alleges "the negligent or intentional acts or omissions of third parties" may have contributed to Plaintiffs' damages. (Answer (dkt. # 13) at 6.) Affirmative defense No. 6 alleges "fault should be allocated" to other entities that may be responsible for Plaintiffs' damages. (*Id.* at 7.) Affirmative defense No. 7 alleges Plaintiffs' damages were "proximately caused" by superseding events. (*Id.*)

As Plaintiffs concede, James Hardie is entitled to argue negligence or superseding causes due to third parties such as Casey Industrial as described in affirmative defenses Nos. 4 and 7. (*See* Pls.' Reply at 3 ("Plaintiffs' motion is not intended to prevent any discussion of alleged mistakes or failures on the part of Casey Industrial.").) And Plaintiffs do not challenge James Hardie's contention that, as described in affirmative defense No. 6, James Hardie is entitled to argue fault should be allocated to third parties other than Casey Industrial. (Def.'s Resp. at 16.)

James Hardie makes clear that this affirmative defense does not relate to Casey Industrial. (*Id.*) The Court therefore concludes that Plaintiffs' Motion should be denied.

The undersigned requires that, except for motions for temporary restraining orders, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." *See* Chambers Procedures, https://www.wawd.uscourts.gov/judges/peterson-procedures. The Court notes that, had the parties fulfilled their obligation to meet and confer prior to filing a motion, Plaintiffs' Motion could have been substantially simplified or entirely avoided. The parties are reminded to fulfill their meet and confer obligation for any pending or future motions.

For the foregoing reasons, the Court recommends that Plaintiffs' Motion (dkt. # 36) be DENIED. Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 19, 2022**.

Dated this 1st day of August, 2022.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3